UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| **Tiffany Hearn**, <br><br> Plaintiff, <br><br> v. <br><br> **MUESING MANAGEMENT COMPANY, INC.**, and **ADVANCED SERVICES LLC**, <br><br> Defendants. | Cause No. 1:22-cv-01192 |

## COMPLAINT FOR DAMAGES AND REQUEST FOR JURY TRIAL

Ms. Hearn is suing MUESING and ADVANCED SERVICES for a racially hostile work environment and retaliation in violation of TITLE VII and SECTION 1981. This lawsuit is filed in the Southern District of Indiana because Defendants reside in the district. Ms. Hearn seeks all available relief, and respectfully requests a trial by jury.

Respectfully submitted,

*/s/ Benjamin C. Ellis*
Benjamin C. Ellis
HKM EMPLOYMENT ATTORNEYS LLP
320 N. Meridian St., Ste. 615
Indianapolis, IN 46204
P/F    |   (317) 824-9747
Email  |   bellis@hkm.com

1.  **INTRODUCTION**

    In March and April 2021, a pair of white men working for ADVANCED SERVICES, one of MUESING's contractors, racially harassed Ms. Hearn (a Black woman).

    This included calling Ms. Hearn a nigger; yelling at and threatening her; and even trying to physically force their way into her car. They even taunted her that, because of the relationship between the companies' owners, they would face no repercussions. Indeed, when Ms. Hearn complained to MUESING (her employer) about this harassment, MUESING did nothing.

    After multiple complaints of harassment to MUESING went unaddressed, Ms. Muesing had no choice but to give notice of her resignation. MUESING responded by inviting ADVANCED SERVICES (including her harassers) to a workplace lunch with her. Rather than suffer the indignity of sharing a meal with her harassers, Ms. Hearn quit her employment immediately.

    Ms. Hearn now sues MUESING (her employer) and ADVANCED SERVICES (the employer of her harassers) for creating a racially hostile work environment and retaliation in violation of TITLE VII and SECTION 1981.

## 2. JURISDICTION & VENUE

1. This Court has original jurisdiction, under 28 U.S.C. § 1331, of Ms. Hearn's claims for violations of TITLE VII and SECTION 1981 because those claims arise under the laws of the United States.

2. This Court is a proper venue for this lawsuit, under 28 U.S.C. § 1391(b), because MUESING and ADVANCED SERVICES reside in the Southern District of Indiana.

## 3. PARTIES

### 3.1. Plaintiff

3. Plaintiff Tiffany Hearn resides in Marion County, Indiana.

### 3.2. Defendant

4. Defendant MUESING MANAGEMENT COMPANY, INC. was, at all relevant times, a Indiana corporation (Business ID No. 1993110148) with its principal place of business in Marion County, Indiana.

5. Defendant ADVANCED SERVICES LLC is an Indiana limited liability company (Business ID No. 2006100500080) with its principal place of business in Marion County, Indiana.

## 4. STATEMENT OF FACTS

6. Ms. Hearn was MUESING's Assistant Property Manager from February 2018 until she it constructively terminated her employment in April 2021.

7. During that time, Ms. Hearn met all MUESING's legitimate performance expectations.

8. In early March, Marcel Durham, a Black Groundskeeper, complained to Valerie Defibaugh (Property Manager) and Ms. Hearn that two white men were racially harassing him.

9. Defibaugh directed Ms. Hearn to go with Durham to investigate.

10. Durham and Ms. Hearn discovered that the men were employees of ADVANCED SERVICES, a MUESING contractor.

11. When Ms. Hearn confronted the men (while recording them), they called her a nigger.

12. The white men also said such things as:

"Fuck you, you racist bitch;"

"You can record all you want. I work for Paul, and I know the owner, Kirby Kinghorn;"

"We'll be back, I've got something for you boy."

13. The white men also attempted to open Ms. Hearn's car door, threatened her, and chased her when she drove away.

14. Defibaugh called the police, but the men had left by the time the police arrived.

15. Ms. Hearn provided a statement to the police and was sent home.

16. Several days later, a white resident who reported that these same men were making other racist comments around him to Joy Spivey (who then contacted Ms. Hearn about the issue).

17. Ms. Hearn complained to Defibaugh and Kelly Reed (Regional Manager) about this ongoing harassment, but nothing was done.

18. Subsequently, Ms. Hearn observed Carl Kelly (EMPLOYER?) saying racial slurs such as "wetback" at a neighboring MUESING property.

19. Again, Ms. Hearn reported this misconduct to MUESING, but nothing was done.

20. Ms. Hearn lived in a third MUESING property where these white men were also doing work, so she sent a letter to Karen Tolley (Vice President) and MUESING's corporate office complaining about the lack of action and her own personal vulnerability.

21. When, again, nothing was done, Ms. Hearn put in her two weeks' notice of resignation.

22. The following week, however, MUESING invited ADVANCED SERVICES (including the white men) to the office for lunch to celebrate the completion of renovations.

23. Because Ms. Hearn felt extremely uncomfortable sharing a lunch with her harassers, she was forced to immediately resign.

5

## 5. STATEMENT OF CLAIMS

### 5.1. Racially hostile work environment in violation of Title VII (Muesing only).

24. Ms. Hearn was subjected to harassing conduct, including being called a nigger, being yelled at, being threatened, and an attempted physical assault.

25. This conduct was unwelcome.

26. This conduct occurred because Ms. Hearn is Black.

27. This conduct was sufficiently severe or pervasive that a reasonable person in Ms. Hearn's position would find her work environment to be hostile or abusive.

28. At the time the conduct occurred, Ms. Hearn believed that the conduct made her work environment hostile or abusive.

29. MUESING knew or should have known about the conduct.

30. Defendant did not take reasonable steps to correct the situation or to prevent harassment from recurring.

31. Ms. Hearn was injured by this hostile work environment.

### 5.2. Racially hostile work environment in violation of Section 1981 (all Defendants).

32. Ms. Hearn was subjected to harassing conduct, including being called a nigger, being yelled at, being threatened, and an attempted physical assault.

33. This conduct was unwelcome.

34. This conduct occurred because Ms. Hearn is Black.

35. This conduct was sufficiently severe or pervasive that a reasonable person in Ms. Hearn's position would find her work environment to be hostile or abusive.

36. At the time the conduct occurred, Ms. Hearn believed that the conduct made her work environment hostile or abusive.

37. MUESING knew or should have known about the conduct.

38. ADVANCED SERVICES knew or should have known about the conduct.

39. Defendants did not take reasonable steps to correct the situation or to prevent harassment from recurring.

40. Ms. Hearn was injured by this hostile work environment.

### 5.3. Retaliation in violation of Title VII (Muesing only).

41. In March and April 2021, Ms. Hearn complained of a racially hostile work environment to MUESING.

42. In April 2021, MUESING invited Ms. Hearn's harassers to a meal with her in the workplace, in retaliation for her complaint of racial harassment.

43. Ms. Hearn was injured by this hostile work environment.

## 6. PRAYER FOR RELIEF

Ms. Hearn respectfully requests that judgment be entered in her favor, and against MUESING and ADVANCED SERVICES on all claims, for their violations of TITLE VII of the CIVIL RIGHTS ACT OF 1964, SECTION 1981 of the CIVIL RIGHTS ACT OF 1866. She requests all available relief on her claims, including the following:

a. Back pay and front pay;

b. Compensatory and punitive damages;

c. Attorney fees and costs; and

d. Prejudgment and postjudgment interest.

## 7. JURY DEMAND

As required by Fed. R. Civ. P. 38(b), Ms. Hearn respectfully requests a trial by jury on all issues so triable.